Barker, J.
The defendant paid the price of the goods to an agent of the ¡ilaintiff. Under the circumstances, we are of the opinion that such payment was good and binding on the plaintiff, so as to fully discharge the defendant’s obligations under the contract of purchase. The plaintiff’s place of business was in Brooklyn, and one, Lyon, was his traveling salesman. The defendant lived and did business at Waterloo. The parties were strangers, never having ¡had any previous business transactions with each other. 1 Lyon called at defendant’s store with samples and solicited an order for goods, stating that he was the plaintiff’s salesman. An oral order was given for the coffee and nothing was said as to manner or time of payment, nor when the goods were to be shipped. The salesman immediately communicated the order to his house and the goods were shipped two days afterwards; and within a few days the defendant received the same at his store. Some twenty days thereafter, the salesman again called upon the defendant at his place of business and solicited another order from him, but he declined to make any further purchase. At this time the package of coffee had been received and was in the store *325 unopened. The defendant had not received any bill of the goods from the plaintiff, nor any advice or communcation from him whatever. The defendant then inquired of the salesman if he wanted pay for the coffee, who made the rely that he did; and the bill was then paid, the salesman giving a receipt therefor. At this time Lyon was in the service of the plaintiff, acting as his traveling salesman. The plaintiff testified as a witness, that the salesman sent a written order signed by the defendant for the goods; and that at the time the goods were shipped, he mailed to the defendant a bill of the same, which contained on its face a printed notice, viz.: “ Pay no money to salesmen.” The defendant testified in unqualified terms that he did not give any written order for the goods, and that he never received any bill therefor from the plaintiff.
.The plaintiff also testified that the salesman was not authorized to collect bills, and that his authority was limited to taking orders and sending them forward for approval. The defendant testified, that he did not know that any limitation whatever was placed on the salesman’s authority, and that at the time he paid for the goods, the salesman stated to him that the payment of the bill to him would be proper. . After the goods were received by the defendant, the salesman remained in the plaintiff’s employ and was authorized to visit the defendant’s place of business and solicit further orders, as the plaintiff admits. "
In the face of all the facts as the defendant claims them to be, and which the evidence tends to support, it may be well said, that the salesman had apparent authority to receive payment for and in the name of the plaintiff. The facts are such as not to admit of comment.
Judgment affirmed.
Smith, P. J.. Bradley and Haight, JJ., concur.